Walter L. **PERRYMAN,** III, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–95–01345–CV.

Court of Appeals of Texas, Dallas.

Feb. 29, 1996.

---

Joanne M. Hurtekant, Dallas, for appellant.

Diana Gutknecht, Assistant City Attorney, Dallas, April E. Smith, Assistant District Attorney, Dallas, for appellee.

Before LAGARDE, OVARD and DEVANY, JJ.

## OPINION

DEVANY, Justice.

Walter L. Perryman, III, appellant, sought the expunction of several arrests pursuant to Texas Code of Criminal Procedure Annotated, article 55.01 (Vernon Supp.1995). The trial court entered an order granting the expunction of some arrests and denying others. Appellant appeals the denial of the expunction of one of the arrests, complaining that the trial court erred by denying the expunction. We overrule appellant's point of error.

Appellant was arrested on March 20, 1988, for possession of a prohibited weapon. Appellant was subsequently indicted and charged with possession of "a short-barrel firearm, to-wit: a shotgun, with a barrel length of less than 18 inches."

On May 23, 1988, the State moved to dismiss the prosecution and stated as its reason for such dismissal that:

> The weapon in this case, a shotgun, has a barrel which can be measured in two different ways. One measurement of the barrel would indicate the barrel length to be illegal, whereas the alternate method of measurement would indicate the barrel length to be of legel [sic] length. Due to this, it would be in the best interests of justice to dismiss the case.

At the expunction hearing, testimony was offered that there was only one correct way to measure the barrel of the shotgun. A document that later released the weapon to appellant's attorney indicated that the weapon was 18¼ inches long. The court admitted into evidence the State's motion to dismiss the prosecution, containing the above-quoted language.

The pertinent portion of the Code of Criminal Procedure providing for expunction of the arrest record that we must construe states:

> [I]f an indictment or information charging him with commission of a felony was presented, it has been dismissed and the court finds that it was dismissed *because* the presentment had been made because of mistake, false information, or other similar reason indicating the absence of probable cause *at the time of the dismissal* to believe the person committed the offense or because it was void.

TEX.CODE CRIM.PROC.ANN. art. 55.01(a)(2)(A) (Vernon 1995) (emphasis added).

In appellant's petition for expunction, he failed to plead that his case was dismissed because of the absence of probable cause as prescribed by the statute. Appellant's burden was to plead and prove such absence of probable cause as the reason for the dismissal.

The evidence before the trial judge at the time of the expunction hearing included testimony of the correct method to measure the barrel of the shotgun and the motion to dismiss. This evidence shows that appellant did not meet the requirements of the statute since the reason for dismissing the indictment clearly stated that there were two ways to measure the barrel, one showing a legal length and one showing a violation.

Appellant's complaint states that the trial court erred by denying the expunction where it was clearly established that presentment of the indictment was due to a mistake of fact. We disagree with appellant. The trial judge had before it evidence that the indictment was dismissed because there are two ways to measure the barrel of a shotgun, not because of a mistake of fact.

The uncontroverted testimony at the expunction hearing by an expert that there is only one correct method to measure the barrel in this instance begs the issue. The important word in the statute is the word "because," which refers to the reason for the dismissal. Therefore, appellant's complaint

is without merit and his point of error is overruled.

The judgment of the trial court is affirmed.